ORIGINAL

# In the United States Court of Federal Claims

No. 17-1821C
(Filed: February 15, 2018)

FILED
FEB 1 5 2018
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETER KALOS, VERON KALOS,

    Plaintiffs,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION and ORDER

**DAMICH, Judge:**

    Peter and Veron Kalos ("Plaintiffs"), acting *pro se,* filed their Complaint on November 17, 2017, seeking a determination of the amount owed to the United States following the termination of a contract between their company, Brickwood Contractors, Inc., and the Federal Bureau of Prisons. On January 16, 2018, the United States ("Defendant") filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that this Court lacks the subject matter jurisdiction to hear Plaintiffs' claim and that Plaintiffs fail to state a claim upon which relief can be granted under the doctrine of *res judicata*. In the alternative, Defendant argues that the Court does not have jurisdiction under 28 U.S.C. § 1494. On February 8, 2018, Plaintiffs filed their response. For the reasons set forth in this opinion, the Court hereby GRANTS Defendant's Motion to Dismiss under the doctrine of *res judicata*.

### I.    Facts

    Plaintiffs, Peter and Veron Kalos, own Brickwood Contractors, Inc. ("Brickwood"). *Kalos v. United States*, 87 Fed. Cl. 230, 232 (2009) ("*Kalos I*"). On July 25, 2003, Brickwood entered into Contract No. J20802c-011 ("Brickwood contract") with the Federal Bureau of Prisons ("BOP") to repair and repaint a water tank in Loretto, Pennsylvania. *Id.*; Compl. ¶ 1.1, Exs. 5, 8. Plaintiffs acquired a performance bond from Greenwich Insurance Company ("Greenwich"), which Plaintiffs secured with real property. *Id.*; Compl. ¶ 2.3. On September 15, 2005, BOP terminated the Brickwood contract due to default and sought to collect from Greenwich on the bond. Compl. ¶ 4.1, Exs. 10, 17. On February 1, 2008, BOP and Greenwich reached a $769,998 settlement

7016 3010 0000 4308 4034

agreement, to which Plaintiffs were not parties and which satisfied Greenwich's obligations. *Id.* at 233; *Kalos v. United States*, No. 15-880C, 2016 WL 1073275, at *1 (Fed. Cl. Mar. 17, 2016) ("*Kalos II*"). The settlement agreement "did not prevent Greenwich from recovering damages from third parties, including Peter and Vernon Kalos, who secured the performance bond with real property." *Kalos II* at *1. Greenwich attempted to recover damages from Plaintiffs in cash but was unable to do so. *Id.* Greenwich then foreclosed on Plaintiffs' real property. *Id.*

On September 4, 2008, Plaintiffs filed suit in this Court concerning the Brickwood contract. *Kalos I* at 234. Plaintiffs alleged that the settlement agreement between BOP and Greenwich led to an illegal exaction and that the resulting foreclosure of Plaintiffs' real property constituted a taking in violation of the Fifth Amendment. *Id.* The Court dismissed Plaintiffs' claims, and the Federal Circuit affirmed. *Kalos I, aff'd*, 368 F. App'x 127 (Fed. Cir. 2010).

On August 14, 2015, Plaintiffs again filed suit in this Court concerning the Brickwood contract. *Kalos II* at *2. This time, Plaintiffs alleged that the Brickwood contract was an unsettled account pursuant to 28 U.S.C. § 1494. *Id.* at *3-4. This Court dismissed Plaintiffs' claim as barred by the statute of limitations. *Id.* at *4. Again, the Federal Circuit affirmed, holding that 28 U.S.C. § 1494 "does not toll the six-year statute of limitations." *Kalos v. United States*, 670 F. App'x 714 (Fed. Cir. 2016).

## II.  Standard of Review

A *pro se* plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Such leniency, however, does not allow the court to excuse failure to comply with a court's jurisdictional requirements. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").

## III.  Discussion

Defendant has filed a motion to dismiss this case under the doctrine of *res judicata* or, in the alternative, lack of jurisdiction under 28 U.S.C. § 1494.[1] In their complaint, Plaintiffs ask this Court "to ascertain the amount, if any, due the United States on an unsettled federal contractor's account" under 28 U.S.C. § 1494. Compl. at 2.

### a. *Res Judicata* Bars this Claim.

*Res judicata* dictates that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in

---

[1] Because this case is precluded under the doctrine of *res judicata*, the Court need not to address the 28 U.S.C. § 1494 argument, which is moot.

2

that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). *Res judicata* applies when "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). The presumption is that "all claims arising out of the same contract constitute the same claim for purposes of *res judicata*." *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1273 (Fed. Cir. 2008). Therefore, applying the three-part test, the Court must compare *Kalos I* and *Kalos II* to the current case.[2]

First, the Court must determine whether the parties are identical. *Kalos I*, *Kalos II*, and the present case all involve the same parties-- Peter and Veron Kalos as Plaintiffs and the United States as Defendant. Hence, the first prong is satisfied.

Under prong two, the Court must review whether *Kalos I* and *Kalos II* proceeded to final judgments. In *Kalos I*, the Court dismissed the case for failure to state a claim and lack of jurisdiction, which was affirmed by the Federal Circuit. *Kalos I, aff'd*, 368 F. App'x 127 (Fed. Cir. 2010). Similarly, *Kalos II* was decided on the merits when the case was dismissed on the grounds of statute of limitations. *Kalos II, aff'd*, 670 F. App'x 714 (Fed. Cir. 2016). Therefore, both *Kalos I* and *Kalos II* satisfy prong two of the *res judicata* test.

---

[2] Of note, two prior cases in Maryland and Virginia district courts were dismissed under the doctrine of *res judicata*. *See Kalos v. Centennial Sur. Assocs., Inc.*, No. CCB-12-1532, 2012 WL 6210117, at *1 (D. Md. Dec. 12, 2012); *Kalos v. Wisenbaker Holdings, LLC*, 2011 WL 761474, at *3 n.3 (E.D. Va. Feb. 23, 2011).

Moreover, Plaintiffs have filed ten prior complaints in this Court under the names of Peter and Veron Kalos and their company, Brickwood Contractors, Inc. *See Kalos v. United States*, 15-cv-880; *Kalos v. United States*, 08-cv-631; *Brickwood Contractors, Inc. v. United States*, 97-cv-844; *Brickwood Contractors, Inc. v. United States*, 99-cv-180; *Brickwood Contractors, Inc. v. United States*, 99-cv-367; *Brickwood Contractors, Inc. v. United States*, 99-cv-388; *Brickwood Contractors, Inc. v. United States*, 99-cv-482; *Brickwood Contractors, Inc. v. United States*, 02-cv-660; *Brickwood Contractors, Inc. v. United States*, 05-cv-271; *Brickwood Contractors, Inc. v. United States*, 06-cv-695.

Additionally, Brickwood Contractors, Inc. has filed four prior complaints in other federal jurisdictions. *See Brickwood Contractors, Inc. v. Datanet Engineering*, 98-cv-1265 (D. Md.); *Brickwood Contractors, Inc. v. Datanet Engineering*, 98-cv-296 (E.D. Va.); *Brickwood Contractors, Inc. v. Pressure Concrete Construction*, 97-cv-1646 (D.C.D.C.); *Brickwood Contractors, Inc. v. City of Durham*, 96-cv-768 (M.D.N.C.). Plaintiffs have also filed seven prior complaints in other jurisdictions. *See, e.g., Kalos v. Wisenbaker Holdings*, 10-cv-1335 (E.D. Va.); *Kalos v. Federal Bureau of Prisons*, 10-cv-274 (W.D. Pa.); *Kalos v. Greenwich Insurance Company*, 10-cv-841 (E.D. Va.).

And finally, under prong three, the Court must determine whether the transactional facts are the same in all cases. Again, the presumption is that "all claims arising out of the same contract constitute the same claim for purposes of *res judicata*." *Phillips/May Corp.*, 524 F.3d at 1273. *Kalos I*, *Kalos II*, and the current case all revolve around Contract No. J20802c-011 and the settlement agreement between BOP and Greenwich, as evidenced by the complaints filed in those cases. *Compare* Compl. ¶ 5.5 ("The Federal Bureau of Prisons did *not* settle the reservations it made against the Contract No. J20802c-011 contractor."), *with Kalos I* at 233, *and Kalos II*, Compl. ¶¶ 17-18 ("Plaintiffs asked the [Federal] BOP to settle Contract No. J20802c-011 . . . Contract No. J20802c-011 remains unsettled."). Thus, there are no different transactional facts whatsoever.

## IV.  Conclusion

Because the three elements of the *res judicata* test are satisfied, the case must be dismissed.[3] The Court GRANTS Defendant's Motion to Dismiss. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

EDWARD J. DAMICH
Senior Judge

---

[3] Regardless, Plaintiffs' claim falls outside this Court's six-year statute of limitations. *See* 28 U.S.C. § 2501. In this case, the statute of limitations accrued when BOP terminated the Brickwood contract on Sept 15, 2005. *Kalos v. United States*, 670 F. App'x 714, 715 (Fed. Cir. 2016). Even using the date of the settlement agreement on February 1, 2008, Plaintiffs' claim filed in 2017 is still time-barred. *See id.*

4